UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 20-36-DLB

GREANEX LLC, et al.                                                                          PLAINTIFFS

v.                        **MEMORANDUM OPINION AND ORDER**

RAINER TRIEM, et al.                                                                       DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon three Motions to Dismiss filed by pro se Defendants Rainer Triem, Sotaco LLC, and Sotaco Inc. Limited. (Docs. # 7, 13, and 14). Plaintiffs Greanex LLC, Uniper Global Commodities SE, and Uniper Global Commodities North America LLC have responded in opposition. (Docs. # 11 and 15). Defendants have filed replies. (Docs. # 16, 17, 18, and 19). The Motions are now ripe for the Court's review. For the reasons set forth below, the Motions to Dismiss are **denied**. In addition, Defendant Sotaco LLC must obtain counsel or else face the possibility of default judgment.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

This dispute arises from a joint venture gone wrong. Plaintiffs Uniper Global Commodities SE and Uniper Global Commodities North America (collectively "Uniper") are global energy companies "active in the United States coal markets as well as other global commodities markets." (Doc. # 1 ¶ 24). In 2015, Uniper was approached by Defendant Rainer Triem regarding a business venture. As alleged in the Complaint, Triem held himself out as an expert in extracting commercially usable coal from piles of

1

waste coal, known as "gob piles." (*Id.* ¶¶ 1, 25). Triem also claimed to have exclusive rights to technology—specifically x-ray sorting machines—that allowed for cost-effective extraction of usable coal from gob piles. (*Id.* ¶¶ 25-26). Together with Triem, Uniper formed Greanex, an entity through which Triem would purportedly put his technology to use on a larger scale. (*Id.* ¶¶ 26-27). As part of the agreement, Uniper would provide financing for the development and operation of Greanex, and in exchange, Uniper would have the exclusive right to purchase commercially saleable coal produced by Greanex. (*Id.* ¶ 37). Sotaco LLC, an entity owned and controlled by Triem, had a 49% stake in Greanex, while Uniper had a 51% stake. (*Id.* ¶ 27). Triem served as Greanex's President, "making him responsible for finding new gob pile sites, setting up such sites, awarding contracts, submitting invoices, purchasing and deploying the x-ray sorting machines, and managing the day-to-day operations at Greanex." (*Id.* ¶ 30).

Over the course of its business relationship with Triem, Uniper provided over $36 million to Greanex, all of which Uniper alleges Triem swindled through various fraudulent schemes. (*Id.* ¶ 11). Uniper alleges, for example, that Triem fraudulently induced Uniper to invest in the Greanex venture by misrepresenting Sotaco LLC's capital contribution. (*Id.* ¶¶ 35-36). Further, Uniper claims that Triem falsified the data regarding the amount of coal Greanex was producing in order to induce Uniper to invest further capital in the project. (*Id.* ¶¶ 4-5, 71-80). The Complaint also alleges that Triem defrauded Uniper by diverting Greanex's funds to Sotaco LLC and a related entity, Sotaco Inc. Triem allegedly did this through a series of kickback schemes with contractors and the creation of fake invoices. (*Id.* ¶¶ 52-58). Plaintiffs assert that "by the late fall of 2019, it had become abundantly clear that Triem had committed a massive fraud and mismanaged Greanex

for his own benefit and at the expense of Greanex and Uniper." (*Id.* ¶ 86).

In March 2020, Plaintiffs sued Triem and the Sotaco entities, alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) (Count I), conspiracy to violate RICO (Count II), conspiracy to commit fraud (Count VII), and unjust enrichment (Count VI). (*Id.* ¶¶ 87-102, 121-129). Plaintiffs also bring claims of fraud against Triem (Count III), breach of fiduciary duty against Triem and Sotaco LLC (Count IV), and breach of contract and aiding and abetting breaches of fiduciary duty against Sotaco Inc. (Counts V and VIII). (*Id.* ¶¶ 103-120, 130-135).

In April 2020, Triem and Sotaco LLC moved to dismiss the Complaint. (Doc. # 7). In the Motion, Defendants state that "[d]ue to the actual corona virus pandemic situation and a total loss of capital we are not able to instruct a lawyer now." (*Id.* at 1). Triem and Sotaco then make various assertions of misconduct by Uniper and blame Uniper for Greanex's failure. (*Id.* at 1-2). The Motion concludes with a one-line statement: "We don't think that this should be covered by law." (*Id.* at 2). The Motion is signed by Rainer Triem and Sotaco LLC. (*Id.*). Plaintiffs responded in opposition, arguing that the Motion is legally insufficient and procedurally improper because the corporate Defendant, Sotaco LLC, is not represented by counsel. (Doc. # 11). Defendants did not file a reply.

Later, on June 29, 2020, Triem filed two Motions to Dismiss for Insufficient Process and Insufficient Service of Process—one on behalf of himself and the other on behalf of Sotaco Inc. (Docs. # 13 and 14). In the Motions, which are substantively identical, Triem asserts generally that Plaintiffs did not follow the rules for service of a foreign party as provided in the Hague Convention. (Docs. # 13 at 1-2 and 14 at 1-2). Triem appears to argue specifically that Plaintiffs missed the deadline for service. (Docs. # 13 at 2 and 14

3

at 2). Neither Motion is signed by an attorney. In response, Plaintiffs argue that Triem waived his service-of-process defense by failing to raise it in his initial Motion to Dismiss. (Doc. # 15 at 4-6). As to Sotaco Inc., Plaintiffs argue that the Motion is procedurally improper because a corporate entity may not appear in federal court without counsel. (*Id.* at 6-7). In any event, Plaintiffs contend, there is no deadline for service of process under the Hague Convention and therefore service is not untimely. (*Id.* at 7-9). Triem filed two sets of reply memoranda. (Docs. # 16, 17, 18, and 19). Accordingly, all three of Defendants' Motions to Dismiss are ripe for the Court's review.

## II.     ANALYSIS

### A.     Triem and Sotaco LLC's Motion to Dismiss (Doc. # 7)

Triem and Sotaco LLC's Motion to Dismiss (Doc. # 7) fails for multiple reasons. To start, as a non-natural person, Sotaco LLC may not appear in federal court without counsel. *See* 28 U.S.C. § 1654; *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). Furthermore, Triem may not appear on behalf of Sotaco LLC as its president. "A corporate officer may not appear in federal court on behalf of the corporation; rather, the corporation must be represented by counsel." *SEC v. Merklinger*, 489 F. App'x 937, 939-40 (6th Cir. 2012) (citing *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 603 (6th Cir. 2005)). Accordingly, the Court will not entertain the Motion to Dismiss to the extent it is brought pro se by Sotaco LLC and will only consider the Motion as brought by Triem in his individual capacity. *See id.* at 940; *Taylor Steel, Inc.*, 417 F.3d at 603.

The Motion as it pertains to Triem is meritless. Triem merely disputes factual allegations in Plaintiffs' Complaint and makes no attempt to argue that those factual allegations fail to state a claim. (Doc. # 7 at 1-2). Given that factual allegations in a

complaint must be taken as true, *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012), Triem has not carried his burden of showing that the Complaint should be dismissed. Accordingly, Triem and Sotaco LLC's Motion to Dismiss (Doc. # 7) is **denied**.

### B.   Triem's Motion to Dismiss (Doc. # 13)

Triem's Motion to Dismiss for Insufficient Process and Insufficient Service of Process (Doc. # 13) also fails. As Plaintiffs correctly point out, this second Motion to Dismiss is not authorized under the rules because it "rais[es] a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Triem could—and should—have made his insufficient-process objection in his first Motion to Dismiss filed on April 17, 2020. (Doc. # 7). Moreover, Triem waived any objection to service of process by failing to include the objection in his earlier Motion to Dismiss. *See* Fed. R. Civ. P. 12(h)(1)(A).

Triem, in his reply, contends that he has not filed successive motions to dismiss because the Motion on April 17th was made solely on behalf of Sotaco LLC. (Doc. # 18 at 1). However, nothing in the April 17th Motion indicates that it is made only by Sotaco LLC. The signature line of the Motion lists both "Rainer Triem" and "Sotaco LLC." (Doc. # 7 at 2). In addition, the Motion uses the pronoun "we" throughout, and states at the top: "please find *our* objection below." (*Id.* at 1) (emphasis added).

Even assuming that Triem's Motion is procedurally proper and that his service-of-process objection has not been waived, dismissal of the Complaint on this ground is not warranted. Contrary to Triem's contention, service of process is not untimely because there is no deadline for service upon an overseas defendant such as Triem. The 90-day

time limit for service upon a defendant in Rule 4(m) "does not apply to service in a foreign country under Rule 4(f)." Fed. R. Civ. P. 4(m). Although the Sixth Circuit has not spoken directly on the matter, "[m]ost circuits having addressed the issue have held that 'a plaintiff's complaint may be dismissed upon a showing that she failed to exercise diligence in attempting to effectuate service on a foreign defendant.'" *Gamboa v. Ford Motor Co.*, 414 F. Supp.3d 1035, 1041 (E.D. Mich. 2019) (quoting *Harris v. Orange S.A.*, 636 F. App'x 476, 485-86 (11th Cir. 2015)). Here, Plaintiffs have demonstrated diligence in attempting to serve Triem. As they explain, "Plaintiffs requested and obtained a certified translation of the pleadings [in] German, and sent translated pleadings on August 19, 2020 to the applicable Central Authority in *both* Switzerland and Germany to account for the inconsistency in the address offered by Triem and the address in Plaintiffs' records." (Doc. # 28 at 5) (emphasis in original). After discovering that Triem is a resident of Germany, Plaintiffs represent that they "are still waiting on the German Central Authority's certification that service has been effected." (*Id.*). Accordingly, Triem's Motion to Dismiss for Insufficient Service of Process (Doc. # 13) is **denied**.

    **C.**    **Sotaco Inc.'s Motion to Dismiss (Doc. # 14)**

Sotaco Inc.'s essentially identical Motion to Dismiss for Insufficient Process and Insufficient Service of Process (Doc. # 14) similarly falls short. First, like Sotaco LLC, Sotaco Inc. is not represented by counsel, and for this reason alone its Motion to Dismiss cannot succeed. *See Merklinger*, 489 F. App'x 937, 940. The Motion also fails on the merits, as Plaintiffs have demonstrated diligence in attempting to serve Sotaco Inc. under the Hague Convention. In their brief, Plaintiffs detail the steps they have taken to serve Sotaco Inc., a corporation based in Hong Kong, including translating the pleadings into

6

Chinese and mailing those documents to the Hong Kong Central Authority. (Docs. # 15 at 9 and 28 at 4-5). Accordingly, Sotaco Inc.'s Motion to Dismiss (Doc. # 14) is **denied**.

### D. Failure to Obtain Counsel

Finally, Defendant Sotaco LLC is warned that a failure to obtain counsel may result in the entry of default judgment against it. Numerous courts within the Sixth Circuit have held that default judgment is warranted when a corporate defendant fails to appear through counsel. *See, e.g., Silvertronic Ltd. v. Adaptive Interconnect Elecs., Inc.*, No. 1:18-cv-987, 2019 WL 3387449, at *2 (N.D. Ohio Mar. 1, 2019); *State Farm Mut. Auto Ins. Co. v. Edward L. Johnson, P.C.*, No. 11-13819, 2013 WL 2456006, at *1 (E.D. Mich. June 6, 2013); *Flagstar Bank, FSB v. A-1 Mortg. Servs.*, No. 10-11219, 2010 WL 3801925, at *1 (E.D. Mich. Sept. 22, 2010). Plaintiffs have provided proof of service as to Defendant Sotaco LLC. (Docs. # 15-2 and 15-3). Accordingly, Defendant Sotaco LLC must appear through counsel **no later than forty-five (45) days from the date of entry of this Order**, or else Plaintiffs will be free to move for default judgment. In contrast to Sotaco LLC, Defendant Sotaco Inc. has not yet been served, so it is spared from default judgment for now. Nonetheless, Sotaco Inc. will need to appear through counsel in order to defend itself in this litigation.

### III. CONCLUSION

Accordingly, for the reasons set forth herein,

**IT IS ORDERED** as follows:

(1) Defendants Rainer Triem and Sotaco LLC's Motion to Dismiss (Doc. # 7) is hereby **DENIED**;

(2)  Defendant Rainer Triem's and Sotaco Inc.'s Motions to Dismiss for Insufficient Process and Insufficient Service of Process (Docs. # 13 and 14) are hereby **DENIED**; and

(3)  Within **forty-five (45) days from the date of entry of this Order**, Sotaco LLC must **obtain counsel** or else Plaintiffs may move for default judgment.

This 31st day of March, 2021.



Signed By:
David L. Bunning
United States District Judge

J:\DATA\ORDERS\PikeCivil\2020\20-36 Order Denying MTD.docx